## PICKERING *v.* PICKERING.

Upon a petition for partition in the Court of Probate, the counsel for the petitionee made a verbal objection to the appointment of a committee, that there was a dispute about the title, and afterwards, and before a committee was appointed, filed a written objection to the same effect. *Held*, that this was sufficient evidence that there was a dispute about the title to deprive the Court of Probate of jurisdiction to appoint a committee.

---

Pickering *v.* Pickering.

---

Where, upon an appeal from the decree of the Court of Probate, accepting the report of a committee to make partition, the case is remitted by this court to the judge of probate for further proceedings, such an order does not estop the petitionee from objecting before the judge of probate, that he has no jurisdiction to appoint a committee, because there is a dispute about the title.

PETITION FOR PARTITION. The original petition is dated on the 25th day of December, 1845. James A. Pickering, Joshua B. Pickering, and Martha P. Pickering, all of Newington, allege that they are seized in fee and in common with Frank T. Pickering, of three parcels of land, that James and Joshua own one third part thereof each, and that Martha and Frank each own one sixth. One piece of the land is in Rye, and two pieces are in Newington, and the Newington land is that on which Thomas Pickering lived, and from it dower has been assigned to Martha P. Pickering, his widow, who has certain privileges in the house and barn.

At the February term, 1846, of the Court of Probate, the petitioners moved for the appointment of a committee. Evidence was offered tending to show that thereupon the appellant objected that the title was not truly stated in the petition, but that he claimed more than one sixth part of the premises; that at the request of the register the objection was reduced to writing, but by accident was not filed until the 4th of April, 1846. But subsequently, the judge of probate appointed a committee to make partition. Their report, for causes unnecessary to be stated, was set aside by the Superior Court. The appellant immediately, on the 23d of July, 1847, filed his objection in writing, in the Probate Court, to any further proceeding upon the original petition, stating his claim to more than one sixth part of the land in dispute. On the 10th day of August, 1847, the petitioners moved the Court of Probate to recommit the report or to appoint a new committee; and after a hearing, at which the appellant's objections were renewed, the judge of probate, on the 9th of November, 1847, appointed a new committee. Their report, making a partition of the premises, was accepted by the judge of probate, and from this decree Frank T. Pickering has appealed.

*Emery*, for the appellees.

The only question in the case arises upon the first reason of appeal, viz., that the title is in dispute.

It appears from the papers, that due notice of the petition was given to the appellant, and in January, 1846, when the order of notice was made returnable, no objection was made to the appointment of a committee, and no suggestion that there was any dispute about the title, nor was there any thing of the kind in the month of February. The mere verbal assertion that there was a dispute about the title, unaccompanied by any written objection, was altogether insufficient. The proceedings in the Probate Court must be proved by the records alone. *Judge of Probate* v. *Briggs*, 3 N. H. Rep. 309. The assertion in the petition, that there is no dispute about the title, must be taken to be true, unless something is put upon the record to show the contrary. The cause being rightfully in court at its commencement, the jurisdiction cannot be taken away in the middle of the proceedings by interposing a title or a dispute about the title.

But the appellant evidently felt the force of the requirement, that the proceedings in the Probate Court should be of record. There is among the papers a motion to amend the records in relation to this matter of dispute about the title. The motion was dismissed. This piece of evidence goes to establish the fact, that at the time of the appointment of the committee, there was nothing before the Probate Court to show that there was any dispute about the title. Further, the appellant appeared before the first committee and was heard, and thus he has admitted that they were rightfully appointed, and is now estopped from taking the objection he now interposes.

The first report was rejected by the Supreme Court of Probate but not for the reason now urged by the appellant; but it was ordered that the cause be remanded to the Probate Court, that further proceedings might be had therein. Now we contend, that the Supreme Court, upon the former appeal, passed upon this very question, and decided it in favor of the appellees. It is to be remarked that the report was rejected, not that the decision of the judge of probate in appointing the committee be

reversed, and the petition dismissed, but the cause was sent to the Probate Court for further proceedings in that court. Now we contend, that there could be no further proceedings in that court, unless it was to appoint a committee who should make a division. This question, then, has been decided, and cannot now be discussed.

*Hatch*, for the appellant.

We object, that the Probate Court has no jurisdiction in the case, and that all the proceedings there are erroneous, because there is a dispute about the title of the premises to be divided. The petition allows to Frank T. Pickering, the appellant, one sixth of the land. He claims a larger portion. N. H. Rev. Stat. ch. 206, § 21.; Ib. ch. 52, § 6. The Probate Court has no authority to make partition in such cases, because it cannot try titles.

It is not necessary nor admissible to examine the particulars of the appellant's title at this hearing, because it is sufficient to oust the jurisdiction of the Probate Court, that there is a " *dispute* about the title." The only real question in this case must be, whether the appellant did seasonably set up his claim to more than one sixth of the premises, in the Probate Court, or whether he has, by neglect, become estopped from making all further assertion of his rights.

The appellant claims,

1. That the assertion of his claim in the Probate Court in July, 1846, was a proper and sufficient objection to further proceedings in that court. It was at the hearing; all the *hearing* that ever was had on the merits of the petition, prior to the appointment of the committee. And such objections may well enough be taken *vivâ voce*. And as the objection in this case was reduced to writing at the request of the officers of the Probate Court, and filed before any action was had by the committee, and before Frank T. Pickering or his counsel had any notice of any intention of the judge of probate to appoint a committee, the filing must be taken *to* be of the day when the objection was in fact made. The appointment of the committee was inadvert-

ently made by the judge of probate out of term time, and the blame and inconvenience must rest upon the party at whose request it was so made.

2. But if the objection was not sufficiently taken until reduced to writing and actually filed, still it was seasonably taken, and was a bar to the further proceedings. It was filed April 4, 1846. This was before there had been any action by the committee, and it is contended that the objection may legally be taken at any time before the acceptance of the report, though the judge of probate might be justified in refusing to hear such an objection from a party, who, having appeared at the preliminary hearing, and before the committee, should delay all suggestion of his claim till the final decree. Rev. Stat. ch. 206, § 23.

3. But if the appellant's claim of title was set up too late to prevent the appointment of the first committee, and the acceptance of their report,—that report having been rejected by the Superior Court,—the objection of the appellant was interposed in season to prevent all further action of the Probate Court. The report was set aside at the July term of the Superior Court, 1847. On the 23d of July, the appellant renewed his claim in a paper that day filed in the Probate Court, the original objection still remaining on file. Subsequently to this, the attention of the judge and register was called to the objection, and a *hearing* was had in the Probate Court on the question of appointing a new committee, at which it will be admitted the claim of the appellant was strongly urged. The appointment of the committee after this, (which was made November 9th, 1847,) was a direct violation of the statute. Rev. Stat. ch. 206, §§ 21, 23.

In addition to the foregoing it may be suggested, that the claim of the petitioners to overrule the appellant's objection, and so determine his rights without allowing him the opportunity to try them *in any court,* is an attempt to set up an estoppel. Attempts of this nature are not favored by this court. 1 Greenl. Evid. § 22.

It is, moreover, an attempt to deprive the appellant of his just rights, by taking advantage of a matter of form merely. All courts permit such accidents to be remedied by amendment;

45 *

and as the powers and practice of this court, sitting as the Supreme Court of Probate, are substantially those of a court of equity, in which mere errors in form are little regarded, so it is within the power of this court, and clearly its duty, to prevent a trifling error of this nature, (if any error has been committed by the appellant,) from working to him a gross injustice and denial of right.

The objection of the appellant to the action of the Probate Court is not in the nature of an ordinary plea to the jurisdiction; because, the question in such pleas usually is, in what court a party's rights shall be tried. Here the question is, whether the appellant's lawful claim shall be tried at all, or shall be barred by the action of a court which cannot and will not pretend to try it.

GILCHRIST, C. J. The petition for partition states, that the appellant is the owner of one sixth part of the premises in question. The appellant alleges that he owns more than one sixth part.

It is provided by ch. 206, § 21, Rev. Stat., that if there is no dispute about the title, the petition for partition may be directed to and filed with the judge of probate, who shall appoint a time and place of hearing thereon, and sec. 6, ch. 152, Rev. Stat. enacts, that the judge of probate may exercise jurisdiction of all petitions for partition of real estate in cases where no dispute shall exist in relation to the title thereof.

The only question made by the appellant is, whether he seasonably set up his claim to more than one sixth part of the premises. If he did not, another question will arise, whether his neglect will estop him from any further assertion of his rights.

In the affidavit of Mr. Hatch he states, that at the February term of the Probate Court, before the appointment of a committee, he stated in court that the title to the premises was in dispute, and that the appellant claimed more than one sixth part. He says, that at the request of the register he drew up his objection in writing, but accidentally omitted to file it until the 4th day of April. The register remembers that Mr. Hatch was in

Pickering *v.* Pickering.

court in the month of February, and thinks he had some conversation with the judge and with himself, but he cannot remember on what subject. He does not remember that Mr. Hatch made any motion in form, nor that he transacted any other business than that relating to this petition.

There is nothing to contradict Mr. Hatch, and it therefore must be considered as proved that the appellant made the exception as he has alleged, and we think that nothing more than this was necessary to show that there was a dispute about the title, and to oust the Court of Probate of its jurisdiction. It was probably never intended that the parties should investigate the merits of the dispute, and lay evidence before the court, for the mere fact whether there is a dispute can be determined without ascertaining which party has the better title. The case of the *Judge of Probate* v. *Briggs*, 3 N. H. Rep. 309, is not adverse to this view of the question, for that decision settles only that the *decisions* of the Probate Court must be proved by the record of its proceedings, and the question here is merely, whether an exception was taken that the title was in dispute.

It is contended by the counsel for the appellees that the order of this Court upon the former petition, that the case be remitted to the Probate Court for further proceedings, necessarily settles the present question. The former report was set aside upon grounds not necessary to be adverted to here. It is enough to say that this question was not considered. Upon a motion for the appointment of a new committee in the Probate Court, this question would as well arise as upon the original motion. The objection to the jurisdiction would still exist. The order remitting the case, meant only that such proper proceedings should be had as the law would authorize, and is in no sense a decision of the question whether there was any dispute about the title.

As we think it appears that the title was in dispute, the Court of Probate had no jurisdiction to cause partition to be made.

*Decree reversed.*